# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 13, 2001 Session

## STATE OF TENNESSEE v. DANIEL THOMASON

### Appeal from the Criminal Court for Davidson County
### No. 99-B-1387     Steve Dozier, Judge

---

### No. M2000-01164-CCA-R3-CD - Filed July 11, 2001

---

Daniel Thomason appeals from the aggravated robbery conviction he received at a jury trial in the Davidson County Criminal Court. Thomason is serving an eight-year sentence in the Department of Correction for his crime. In this appeal, he challenges the sufficiency of the convicting evidence that he accomplished the robbery "by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Because the record before us is does not contain all of the relevant evidence presented at trial, we are precluded from reviewing the sufficiency of the evidence and therefore affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, J.J., joined.

Kathryn S. Evans (at trial), Assistant Public Defender; Jeffrey A. DeVasher, (on appeal), Assistant Public Defender, Nashville, Tennessee, for the Appellant, Daniel Thomason.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Smith, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Derrick Scretchen, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In the light most favorable to the state, the evidence at trial demonstrated that on March 19, 1998, Violet Mosley was working at Z Store, a convenience store owned by her brother. Around 12:30 p.m., the defendant came in the store. He took a drink from a cooler and approached the counter behind which Ms. Mosley was standing. Ms. Mosley rang up the transaction, and the defendant demanded that she give him the money from the register. Ms. Mosley hesitated, and the defendant put his hand in his right jacket pocket" and pulled the corner of his jacket up over the counter." He said, "This is a robbery. Give me the money." Fearing for her safety, Ms. Mosley complied. The defendant put the money in his left jacket pocket and fled on foot.

The defendant was a regular customer of Z Store, and Ms. Mosley was able to identify him in a photographic lineup the authorities presented to her a few days later.

To counter the state's proof, the defendant admitted in his testimony that he stole the money from Ms. Mosley. His proof characterized the crime as a mere theft, as opposed to a robbery or an aggravated robbery. He claimed that he induced Ms. Mosley to step away from the open register by inquiring whether she had a Dr. Pepper in the back of the store, and after she did so, he reached into the register and took the money. He denied that he had a weapon or that he had mimicked having a weapon by holding his hand in his pocket. He claimed that he had no intent to hurt or scare Ms. Mosley.

In rebuttal, the state recalled Ms. Mosley, who denied the defendant's version of events. Specifically, she testified that the defendant never asked her for another soda and that she never walked away from the register until the defendant left the store with the proceeds of the crime.

The jury found the defendant guilty of aggravated robbery. After he was sentenced to serve eight years in the Department of Correction, the defendant filed this appeal.

The sole issue before us is the sufficiency of the convicting evidence. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. *Id*. In *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the state."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Tuggle*, 639

S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. *Id.*

As relevant to the crime charged in this case, "Aggravated robbery is robbery . . . [a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon . . . ." Tenn. Code Ann. § 38-13-402 (1997).

The defendant challenges whether the evidence in this case sufficiently supports the jury's conclusion that he accomplished the robbery by display of an article used or fashioned to lead Ms. Mosley to reasonably believe it was a deadly weapon. The evidence on this point, at least insofar as it is memorialized in the appellate record, is sparse. Ms. Mosley testified that after she hesitated when the defendant demanded money, he put his hand in his right jacket pocket, "pulled the corner of his jacket up over the counter," and said, "This is a robbery. Give me the money." While the record reflects that the state engaged the victim in a demonstration of the defendant's actions during the crime, the demonstration itself has not been sufficiently memorialized. We cannot tell from the brief testimonial description the victim gave how the defendant had his hand in his pocket, what the contents of his pocket looked like, or the manner in which he raised the corner of his jacket over the counter. Likewise, no statement of the evidence relative to that issue was prepared. *See* Tenn. R. App. P. 24(c). Neither were still nor video photographs taken at the time of the demonstration and tendered as exhibits.[1] These same deficiencies exist with respect to the demonstration the defense had the victim give on cross-examination.

It is by now an elementary principle of appellate review that we may not consider an issue when the record fails to reflect what transpired in the trial court relative to that issue. *See, e.g., State v. Ballard*, 855 S.W.2d 557, *560-61 (Tenn. 1993); State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). That rule is particularly appropriate where, as here, the evidence that is absent from the appellate record may well have been the crucial proof which compelled the jury to return a conviction. It must be remembered that our obligation as an appellate court is to review the evidence in the light most favorable to the state. *See Cabbage*, 571 S.W.2d at 835. With less than a complete record of the state's evidence, we are unable to perform that function.[2] Rather, we are relegated to presuming that the factual determinations made below are supported by adequate evidence. *See, e.g., State v. Oody*, 823 S.W.2d 554, 559 (Tenn. 1991); *cf. McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989) (court of appeals holds that in absence of transcript, it must presume that jury verdict is supported by sufficient evidence). Therefore, we must affirm the aggravated robbery conviction.

---

[1]There is no indication in the record that such photographs actually were taken.

[2]To consider the issue upon only a portion of the evidence presented might well cause us to reverse a conviction based upon insufficient evidence presented in the appellate record, even though the state had carried its burden by presenting significant proof that was accredited by the jury in the court below. Additionally, proceeding with appellate review with less than all of the evidence before us would give appellants the incentive to present us with a record from which inculpatory evidence had been omitted.

The case before us is not the first one in which this court has been faced with a deficient record relative to a demonstration by a witness. In *State v. Alton Darnell Young*, No. M1999-01166-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Nashville, Apr. 14, 2000), the state appealed the trial court's grant of the defendant's motion to suppress. A demonstration given by a law enforcement officer was relevant and dispositive of the suppression issue. *See id.* However, there was no explanation in the record of what the officer did during the demonstration. *Id.* We observed,

> The appellate court is limited to review of only the facts set forth in the record. T.R.A.P. 13(c). If the record on appeal is deficient by not including a record of actions which are relevant to the issue, then this court may presume that the trial court's determinations were adequately supported by the evidence. *See Smith v. State*, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979).

*Alton Darnell Young*, slip op. at 3.

Similarly, during the testimony of the child sex abuse victim in *State v. Ross Junior Graham*, No. 01C01-9110-CC-00316 (Tenn. Crim. App., Nashville, Oct. 22, 1992), *perm. app. denied* (Tenn. 1993), the witness pointed to the area of her body with which the defendant made physical contact. On appeal, the defendant challenged the sufficiency of the convicting evidence, but he failed to provide the appellate court with a record which indicated what area of the body the victim demonstrated that he had touched. *Id.*, concurring slip op. at 3. The court unanimously affirmed the sufficiency of the convicting evidence. *Id.*, slip op. at 11. The author of the lead opinion judged the testimony sufficient to sustain the conviction, while a second member of the panel wrote in a concurring opinion that although the testimonial evidence was lacking, the result was correct because "the deficiency in the record [of the victim's demonstration] results in our presuming that the evidence was sufficient to support the jury verdict, which, itself, is presumptively correct on appeal." *Id.*, concurring slip op. at 3 (Tipton, J., concurring). The third member of the panel joined both the majority and concurring opinions. *See id.*, slip op. at 12.

Thus, both *Alton Darnell Young* and the concurring opinion in *Ross Junior Graham* stand for the proposition that the appellant bears the responsibility for seeing that *all* of the evidence relevant to appellate issues, including the content of witness demonstrations, is memorialized in some form in the appellate record.

At first blush, it may appear anomalous to penalize the defendant in the case at bar for the state's failure to present a component of its proof in a way in which it would be preserved in the record. Upon careful consideration, however, we are convinced that this is the proper course. The physical acts that comprised the demonstration were evidence that was before the jury at the trial of this matter. The state had the burden of proving the defendant's guilt in the trial court, and it chose to do so in part with a physical demonstration. The jury had that evidence before it in passing on the defendant's guilt. After the jury made its guilt determination and the trial court accepted the verdict, the state's obligation had been successfully discharged. Thereafter, the defendant appealed

to this court, and in doing so he shouldered the burden of persuading us that the jury's determination was incorrect. As the appellant, he was required to present us with a complete record of *all* the evidence that the jury had before it in making its determination of guilt. *See* Tenn. R. App. P. 24(b). He has not done so.

In concluding that we are unable to review the defendant's sufficiency issue on its merits, we have not overlooked the possibility that notwithstanding the deficiency of the record, we might reverse the aggravated robbery conviction because the defendant made no verbal threat of harm during the crime. The defendant urges to that course. In support of his argument, the defendant cites two prior decisions of panels of this court, *State v. Daryl Anthony Jemison*, No. 01C01-9303-CR-00107 (Tenn. Crim. App., Nashville, Mar. 31, 1994), *perm. app. denied* (Tenn. 1994), and *State v. Aaron Cooper*, No. 01C01-9708-CR-00368 (Tenn. Crim. App., Nashville, Sept. 29, 1998). In both cases, the defendant failed in sufficiency-of-the-evidence challenges to aggravated robbery convictions. The common thread of *Daryl Anthony Jemison* and *Aaron Cooper* is that in both cases the defendant held his hand in a manner consistent with having a weapon *and* made a verbal threat of harm to the victim. *See Aaron Cooper*, slip op. at 7; *Daryl Anthony Jemison*, slip op. at 5. In *Daryl Anthony Jemison*, the panel questioned whether "a hand in a jacket, without more, support[s] a conclusion beyond a reasonable doubt that there was a 'display of [an] article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon.'" *See Daryl Anthony Jemison*, slip op. at 5.

We acknowledge that, unlike the facts of *Aaron Cooper* and *Daryl Anthony Jemison*, there is affirmative evidence in this case that the defendant did *not* threaten to harm the victim. Rather, he merely demanded money of the victim and informed her that she was being robbed. Nevertheless, we are not prepared to conclude that the mere absence of a verbal threat of harm or statement indicating possession of a deadly weapon is necessarily fatal to an aggravated robbery prosecution in which the weapon is not actually seen. We believe that the non-verbal evidence of deadly weapon possession might be sufficient in certain circumstances to warrant a conviction. *See People v. Jolly*, 502 N.W.2d 177, 182 (Mich. 1993) ("The existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is objective evidence that a defendant possesses a dangerous weapon or an article used or fashioned to look like one. Related threats, whether verbal or gesticulatory, further support the existence of a weapon or article."). It is precisely the quantum of proof on that issue which cannot be evaluated from the incomplete record before us.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE