STATE *ex. rel.* GRANDSTAFF *v.* GORE, Warden.

(*Nashville,* December Term, 1944.)

Opinion filed January 6, 1945.

HOMER B. WEIMAR, of Nashville, for appellant.

NAT TIPTON, Assistant Attorney General, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This appeal is from a judgment of the Criminal Judge of Davidson County dismissing a writ of *habeas corpus* by which the relator Grandstaff seeks to secure his release from the State Penitentiary.

In 1940, Grandstaff was convicted in Shelby County of housebreaking and larceny, of which he had been charged in the indictment. The jury, in addition to finding him guilty of the offense charged, also found that he was an habitual criminal. Thereupon, he was duly sentenced to life imprisononment, in accordance with the provisions of Chapter 22, Public Acts of 1939.

It appears that the accused prayed and was granted an appeal from this judgment at that time, but filed no bill of exceptions, and the judgment was affirmed.

It appears that the accused prayed and was granted an appeal from this judgment at that time, but filed no bill of exceptions, and the judgment was affirmed.

Relator (1) challenges the validity of the judgment in that it sentences him to life imprisonment upon a recital of a conviction of housebreaking and larceny only, and (2) he says that he was deprived of a fair trial in that he was not given notice that he would be prosecuted as an habitual criminal until so short a time before his trial that he had no opportunity to prepare and present his defense to this charge, and that (3) if he had had this opportunity he would have been able to show that he had been formerly

convicted only twice of offenses of the nature and degree prescribed by the habitual criminal statute above cited.

Looking to the technical record only, which is all that was brought up on the original appeal, when the return of the jury, as appears from the minutes, found the accused guilty of the offense charged in the indictment of housebreaking and larceny, and, also, that he was an habitual criminal, the judgment below, as was shown by the minutes, not only properly adjudged him guilty of the offense of housebreaking and larceny, but, as required by the terms of the Act, fixed his punishment therefor at life imprisonment. Being an habitual criminal is not made an independent offense. The Act provides only that if, upon conviction of a felonious offense, it is made to appear that the accused has a record of crime which brings him within the terms of the Act, then his punishment for the offense for which he is then tried shall be life imprisonment. *McCummings* v. *State*, 175 Tenn. 309, 134 S. W. (2d) 151; *Tipton* v. *State*, 160 Tenn. 664, 28 S. W. (2d) 635; 25 Am. Jur., 260, Sec. 1; Notes 58 A. L. R. 20; 82 A. L. R. 345; 116 A. L. R. 209; 24 C. J. S., Criminal Law, p. 1143, Sec. 1958. This judgment, which was affirmed by this Court, was neither void nor on its face voidable.

It is true that in the judgment of affirmance in this Court there is no recital of this finding that the accused was an habitual criminal, in explanation of the fixing of the term of imprisonment at life. As shown, the judgment below is not subject to objection in substance, or in form. Conceding, but not deciding, that the judgment of affirmance in this Court called for a recital of this explanatory matter (despite the fact that the judgment here is based on that below, which may be looked to), the

motion heretofore made and now pending to amend the judgment entry in this Court is granted.

 There are several procedural obstacles in the way of the attempt of relator by this proceeding to reopen and have a retrial of his case, contrary to well established practice. The writ of *habeas corpus* may not be made to perform the office of a writ of error. It is available only when the judgment assailed is void, or when the term of imprisonment has expired. *State ex rel. Karr* v. *Taxing District*, 84 Tenn. 240; *Lynch et al.* v. *State ex rel. Killebrew*, 179 Tenn. 339, 166 S. W. (2d) 397. Moreover, as we said in *Adams* v. *Russell*, 179 Tenn. 428, at page 434, 167 S. W. (2d) 5, in concluding that opinion, in any event, this application, as was true in that case, is premature. It can hardly be seriously questioned that the relator is legally subject to imprisonment for the term fixed by the statute for housebreaking and larceny, of which it is undisputed that he was legally convicted, and which term has not expired, and no presumption obtains that one with such a confessed criminal record would be granted parole.

However, waiving these considerations, we have elected to examine the merits which the relator now belatedly seeks to set up and rely on and see whether or not, even if he had produced on the hearing of his case all the evidence he now proposes to submit, the result would have been affected.

 Relator rightly construes our habitual criminal statute as justifying the infliction of life punishment upon a conviction of an offense which would render him infamous only when it is made to appear that he has been theretofore convicted of three separate offenses of the grade and nature specified. The particular insistence which we understand to be made by the relator is that,

while he had theretofore been convicted in other States of more than the required number of offenses, only two of them were within the prescribed terms of our statute. To be more specific, it appears to be conceded by relator that, while, prior to his conviction in Shelby County in 1940 of larceny and housebreaking, he had been convicted of other offenses, twice in Wisconsin, once in Michigan, once in New York and once in Texas, only one of his convictions in Wisconsin and his convictions in Texas were of offenses falling within the purview of the habitual criminal statute; that his convictions in Michigan and New York and one of his convictions in Wisconsin cannot be taken into account.

The State concedes that, according to the allegations of relator, the requirement of proof of three former convictions essential to justify a sentence under the Habitual Criminal Act was not met on the trial unless the Michigan conviction was of an offense within the contemplation of the Habitual Criminal Act.

 Relator challenges the sufficiency of the Michigan conviction on the following grounds: He admits that on April 26, 1929, he was convicted in Detroit, Michigan, upon a charge of receiving stolen property of the value of $45, and sentenced to State Prison for an indeterminate sentence of from two and one-half to five years. His insistence is that by the terms of our habitual criminal statute petit larceny is not a conviction within that statute, and that, since our Code of 1932 makes the taking of property of the value of less than $60 petit larceny, the conviction in Michigan should be treated as of the petit larceny class only, with the result that this conviction cannot be counted as one of the required three.

Conceding that a conviction of receiving stolen property should, for the purpose of this hearing, be classed as and with the larceny thereof, and that the degree of

that offense, as of larceny, is fixed by the value of the goods, and that convictions of the petit class are excluded from consideration by the terms of the Habitual Criminal Act, we are unable to agree that this conviction in Michigan, in April, 1929, should be excluded in computing the required number.

The contention made for petitioner is based on the provision in Section 10921, Tennessee Code of 1932, which fixes $60 as the dividing figure between grand and petit larceny. But this contention overlooks that prior to the enactment of this Code in 1932 the dividing line between grand and petit larceny was the value of $30; so that, when petitioner was convicted in April, 1929, of receiving stolen goods of the value of $45, his offense was of the grand larceny class, conceded to be a felony.

This conviction in Michigan was, therefore, of an offense of such degree and nature as clearly to justify its computation in arriving at the three former convictions required by the Act. That since that time the Legislature has amended the law cannot be given a retroactive effect so as to relieve petitioner from the effects of his conviction long prior to the amendment. It is axiomatic that, "laws should never be considered as applying to cases which arose previously to their passage, unless the Legislature has clearly declared such to be their intention." Bouvier, defining Retrospective, and citing cases. 2 Bouv. Law Dict. (Rawle's Third Revision), p. 2952. If the Legislature had intended to relieve those previously convicted of the higher grade of larceny of the consequences of their crime, giving the higher value application thereto, it would have said so. "An act of the Legislature is construed so as to give it prospective and not retroactive force, unless the latter purpose is plainly expressed or necessarily implied. *Heiskell* v. *Lowe*, 126 Tenn. 475, 153

S. W. 284; *Dugger* v. *Insurance Co.*, 95 Tenn. 245, 32 S. W. 5, 28 L. R. A. 796." *Jackson* v. *Loyal Additional Ben. Ass'n*, 140 Tenn. 495, 503, 205 S. W. 318, 320. It is probable that the change was made in 1932 in recognition of the shrinking purchasing value of the dollar, and the actual decrease in the value of goods as expressed in dollars and cents. It is common knowledge that one who steals goods of the value of $60 today secures less in actual value than like goods selling at $30 in years past.

We are cited to no text book or decision authority by counsel for relator on this point. The Assistant Attorney General finds two reported cases, both of which deal directly with this question and support the view we have above expressed. *Emert* v. *Thorn*, 249 App. Div. 301, 292 N. Y. S. 58; *People* v. *McConnell*, 20 Cal. App. 196, 66 P. (2d) 720.

Both of these cases involved sentences under habitual criminal statutes, and, in both cases, the Courts rejected contentions practically on all fours with that made here. In both cases the defendant on trial for a felony resisted inclusion of a prior conviction as one of the essential three, on the ground that since the prior conviction there had been an amendment of the pertinent law which reduced or changed the character or grade of the offense formerly committed, so that it was no longer a felony. In the California case, directly in point here, the Court said: "the Habitual Criminal Act, section 644 of the Penal Code, contains no provision that the prior felony must be such an offense at a subsequent date of prosecution. The date of conviction, therefore, is the time to be considered in determining whether or not the offense was a felony at the subsequent trial." There is language in the New York case to this identical effect.

Relator presents a typical illustration of those unfortunate moral derelicts who exhibit an "indifference to the laws which keep society together." *People* v. *Gowasky*, 244 N. Y. 451, 460, 155 N. E. 737, 740, 58 A. L. R. 9. This legislation has been widely enacted to remove from society a class of confirmed criminals whose depredations have proven to be limited only by their opportunities.

The judgment must be affirmed and the writ denied.