**Odell SMITH, Appellant,**

v.

**STATE of Tennessee, Appellee.**

**STATE of Tennessee, Appellant,**

v.

**Odell SMITH, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 1, 1979.

Certiorari Denied by Supreme Court July 30, 1979.

Anthony J. Sabella, Memphis, for Odell Smith.

William M. Leech, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Gerald F. Easter, Asst. Dist. Atty. Gen., Memphis, for the State.

## OPINION

TATUM, Judge.

Both the State and defendant made separate appeals which were consolidated by the court. The defendant, Odell Smith, appealed his conviction for receiving stolen property under the value of $100 with punishment fixed at 2 to 5 years imprisonment. The State appealed from the trial judge's refusing to allow the State to proceed at trial with the habitual criminal count in the indictment. The concealing stolen property conviction is affirmed and the trial court's judgment dismissing the habitual criminal count of the indictment is reversed.

The defendant's only assignment of error is that the evidence preponderates in favor of his innocence. No Bill of Exceptions was filed and the appellant concedes "There is no error committed by the trial court which appellant can cite to reverse the judgment of the trial court." In the absence of a Bill of Exceptions, we must conclusively presume that the evidence was sufficient to support the judgment below. *Hudson v. State*, 534 S.W.2d 322 (Tenn.Cr. App.1975); *Arendall v. State*, 509 S.W.2d 838 (Tenn.Cr.App.1974); *Francis v. State*, 498 S.W.2d 107 (Tenn.Cr.App.1973). The judgment of conviction for concealing stolen property is affirmed.

We shall now address the State's appeal. The indictment charged the defendant with second-degree burglary, larceny, receiving and concealing stolen property, and being an habitual criminal. When the jury found the defendant guilty of receiving stolen property under the value of $100, the trial court refused to allow the State to proceed on the habitual criminal charge on the ground that this conviction was not a specified felony under T.C.A. § 40–2801 et seq., and therefore, was not a "triggering offense" for enhancement of punishment under the Habitual Criminal Statute. The trial judge held that the offense of receiving stolen property under the value of $100 is the same grade of offense as petit larceny

and that since petit larceny is expressly excluded in T.C.A. § 40–2801 as an offense to be considered in the definition of habitual criminals, it cannot be a triggering offense under T.C.A. §§ 40–2801 and 40–2803. We therefore have two questions of first impression before us: (1) does the express exclusion of petit larceny as a prescribed offense in T.C.A. § 40–2801 also exclude the offense of receiving stolen property under the value of $100, and (2) even if question (1) is answered in the affirmative, is petit larceny excluded as a "triggering offense" by T.C.A. §§ 40–2802 and 40–2803. We answer both of these questions in the negative.

In deciding the first question, we must carefully study the language of T.C.A. § 40–2801:

40–2801. Persons defined as habitual criminals.—Any person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in §§ 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A) or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those specified in said §§ 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A) or would have been punishable by death under existing laws, but for which the death penalty was not inflicted, shall be considered, for the purposes of this chapter, and is declared to be an habitual criminal, *provided that petit larceny shall not be counted as one of such three (3) convictions, but is expressly excluded*; and provided, further, that each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions. [Emphasis supplied.]

T.C.A. § 40–2712, referred to in § 40–2801, is the infamy statute; it designates the following crimes as infamous: abusing a female child, arson and felonious burning, bigamy, burglary, felonious breaking and entering a dwelling house, felonious breaking into a business house, outhouse other than a dwelling house, bribery, buggery, counterfeiting, violating any of the laws to suppress the same, *forgery*, incest, *larceny*, horse stealing, perjury, robbery, *receiving stolen property*, rape, sodomy, stealing bills of exchange or other valuable papers, subornation of perjury, and destroying a will. It is noted that larceny and receiving stolen property are referred to separately and treated as separate crimes.

In the recent case of *Evans v. State*, 571 S.W.2d 283, 286 (Tenn.1978), our Supreme Court, in construing T.C.A. § 40–2712 and § 40–2801 said:

.  .  .  "Larceny," without further qualification, is a general term encompassing all of the statutory forms of larceny. *See People v. Crane*, 356 Ill. 276, 190 N.E. 355 (1934); *State v. Cabbell*, 252 N.W.2d 451 (Iowa 1977). It is apparent from the language of T.C.A. § 40–2801 that the legislature understood the term's use in T.C.A. § 40–2712 to be in this general sense, for after incorporating by reference "larceny" as used in that statute as one of the specified crimes under the habitual criminal act, they expressly excluded petit larceny from that category. Such a proviso would have been unnecessary had they not understood "larceny" as used in T.C.A. § 40–2712 to include all of the statutory forms of that crime. Thus, a conviction for any of these offenses—with the express exception of petit larceny—may serve as one of the specified offenses for the purpose of establishing a defendant's status as an habitual criminal, and the trial judge's instruction to the jury in this case to the effect that the petitioner's conviction for larceny from the person could be employed for that purpose were correct.

The Legislature did not choose to exclude the lesser degrees of forgery or receiving stolen property, which offenses are punishable as petit larceny. It is apparent from

reading § 40–2801 and § 40–2712 the Legislature understood that forgery, receiving stolen property, and larceny are three separate and distinct offenses and only petit larceny is excluded as one of the three convictions or specified offenses required to make one an habitual criminal by T.C.A. § 40–2801.

The defendant cites *Grandstaff v. Gore*, 182 Tenn. 94, 184 S.W.2d 366 (1945) in support of the proposition that receiving stolen property should be treated as larceny in construing Section 40–2801. We have studied *Grandstaff*, but it does not reach that question; the court said:

> Conceding that a conviction of receiving stolen property should, *for the purpose of this hearing* be classed as and with the larceny thereof, and that the degree of that offense, *as of larceny, is fixed by the value of the goods* . . . [Emphasis supplied.] *Id.* at 99, 184 S.W.2d 368.

Thus, the court concluded in *Grandstaff* that the appellant had been convicted of the higher degree of receiving stolen property and did not determine whether the lower degree of receiving stolen property was to be treated as petit larceny.

Since only petit larceny is excluded as one of the three convictions required to make one an habitual criminal or as a specified crime, we hold that receiving stolen property of the value of less than $100 may be counted as one of the two specified or required crimes to make one an habitual criminal under T.C.A. § 40–2801.

■ We now consider the second question posed about, i. e. whether receiving stolen property under the value of $100 may be considered as a "triggering" offense. The indictment charges that the defendant had been previously convicted of sufficient crimes to make him an habitual criminal as defined in § 40–2801. The statutes specifying the "triggering offenses" are T.C.A. §§ 40–2802 and 40–2803 and must be considered separately from § 40–2801, the "definition" statute. The "triggering" statutes are in the following language:

> 40–2802. Punishment.—When an habitual criminal, as defined in this chapter, is charged, by presentment or indictment, with the commission of any of the felonies specified in §§ 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A), or any crime for which the maximum punishment is death, and is also duly charged therein with being an habitual criminal, as defined in § 40–2801, he shall upon conviction, be sentenced and punished as an habitual criminal, as in this chapter provided, except in those cases where the death penalty is imposed.

> 40–2803. Charge of habitual criminality.—An indictment or presentment which charges a person, who is an habitual criminal as defined in this chapter, with the commission of any felony specified in §§ 39–604, 39–605, 39–609, 39–610, 39–3708, 40–2712, 52–1432(a)(1)(A), or a crime for which the maximum punishment is death, shall, in order to sustain a conviction of habitual criminality, also charge that he is such habitual criminal. Every person so charged as being an habitual criminal shall be entitled, upon his motion therefor filed in the cause at any time prior to trial, to demand and to have from the state, a written statement of the felonies, prior convictions of which form the basis of the charge of habitual criminality, setting forth the nature of each such felony and the time and place of each such prior conviction. He shall not, without his consent, be required to go to trial within twenty (20) days from and after the time when such statement was supplied to him or to his counsel of record.

Sections 40–2802 and 40–2803 do not exclude either the lesser grade of receiving stolen property or petit larceny as a "triggering" offense; both grades of both crimes are within the ambit of the "triggering" statutes. Even if we could accept the argument that receiving stolen property under $100 should be treated as petit larceny, this would not benefit the defendant as petit larceny is not excluded. The "triggering" statutes include both degrees of both offenses.

Our Supreme Court held that the State must charge and prove that a defendant is an habitual criminal before he is indicted for the fourth or "triggering offense" (the offense for which punishment is sought to be enhanced). *Evans v. State, supra.* We must conclude that the Legislature intended that when one who has already been convicted of the number and character of crimes to make him an habitual criminal, then commits one of the additional crimes specified in T.C.A. §§ 40–2802 and 40–2803, including petit larceny, such person shall be subject to the enhanced punishment for the additional crime.

 The judgment convicting the defendant for receiving stolen property of the value of less than $100 is affirmed. The trial court's judgment refusing the State a hearing on the habitual criminal count of the indictment is reversed and the case is remanded for trial on the habitual criminal count of the indictment.

Since the appeal of the defendant presents no question for determination by this court or the Supreme Court on his conviction for receiving stolen property, his bond is revoked.

DWYER, P. J., and O'BRIEN, J., concur.