# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 2, 2010 Session

## ANTHONY ALLEN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos.  00-10541; 00-010543-44; 47, 50-56     W. Mark Ward, Judge**

_____

**No. W2010-00703-CCA-R3-PC  - Filed March 22, 2011**

_____

The petitioner, Anthony Allen, appeals the denial of his petition for post-conviction relief. He was convicted by a Shelby County jury of multiple counts of aggravated rape and aggravated robbery.[1]  See State v. Anthony Allen, W2004-01085-CCA-R3-CD, 2005 WL 1606350, at *1 (Tenn. Crim. App., at Jackson, July 8, 2005).  The petitioner was sentenced to a term of 104 years.[2]  Id.  On appeal, the petitioner claims he received ineffective assistance of counsel.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Brooks, Memphis, Tennessee, for the Defendant-Appellant, Anthony Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

---

[1] The record does not include a copy of the judgment forms.

[2] The petitioner was originally sentenced to 124 years.  See State v. Anthony Allen, No. W2006-01080-CCA-R3-CD, 2007 WL 1836175, at *1 n.1 (Tenn. Crim. App., at Jackson, June 25, 2007). The trial court subsequently determined that the number "124" was inadvertently typed as the length of the petitioner's sentence.  Id.  It entered an "Order Modifying Finding[s] of Fact and Conclusions of Law," which stated that the sentence was actually 104 years.  Id.

**Background**.  As a preliminary matter, we note that the record presented on appeal is extremely limited.  It contains the petition for post-conviction relief, the State's response to the petition, and the trial court's order denying the petition.  In setting forth the circumstances of this appeal, we are reliant on the prior appellate decisions for this case.

Before addressing the petition for post-conviction relief, we must review the preceding procedural history.  The petitioner challenged his convictions and sentence on direct appeal. See Anthony Allen, 2005 WL 1606350, at *1.  This court's opinion shows that the petitioner was convicted of seven counts of aggravated robbery, eight counts of aggravated rape, and one count of facilitation of aggravated rape. Id. at *3.  The trial court merged several of these convictions. Id. at *15 n.13.  The petitioner claimed on appeal that the trial court erred by imposing consecutive sentencing. Id. at *7.  He argued that the trial court failed to specify its reasons for imposing consecutive sentencing. Id.  The petitioner also claimed the consecutive sentences violated his constitutional rights under the holdings in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Id.  This court reversed one of the convictions for aggravated rape, remanding it for a new trial. Id. at *15.  It remanded the remaining convictions for a new sentencing hearing so that the trial court could reconsider whether consecutive sentencing was appropriate. Id.  This court stated:

> The defendant argues that the trial court failed to adequately recite the reasons that it imposed consecutive sentences.  Tennessee Rule of Criminal Procedure 32(c)(1) requires that the trial court "specifically recite the reasons" for the imposition of consecutive sentencing.  In this case, the trial court found, "the defendant had no hesitancy here at all in his involvement" and "this defendant is a dangerous offender."  This language is similar to that in Tennessee Code Annotated 40-35-115(b)(4): "The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high."  However, for dangerous offenders, the imposition of consecutive sentences requires additional findings that the sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences reasonably relate to the severity of the offenses committed. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).  Proof that a defendant's behavior indicated no hesitation when the risk to life was high "is proof that the offender is a dangerous offender, but it may not be sufficient to sustain consecutive sentences." Id. at 938.
>
> The record in the instant cases reflects that the trial court failed to make these findings.  In addition, the record contains no showing that the lengthy

124-year sentence is "no greater than that deserved for the offense committed." See State v. Imfield, 70 S.W.3d 698, 708 (Tenn. 2002) (quoting Tenn. Code Ann. § 40-35-103(2)). Consequently, the case is remanded to the trial court for re-sentencing.

Id. at *7-8.

On remand, the trial court again determined that consecutive sentencing was appropriate, and it sentenced the petitioner to 104 years. Anthony Allen, 2007 WL 1836175, at *1. The trial court gave the following justification for imposing consecutive sentencing:

> After considering the statutory criteria and the purposes and principles of consecutive sentencing, the Court finds that the defendant is a dangerous offender according to the definition stated in Tenn. Code Ann. § 40-35-115(b)(4). The defendant systematically terrorized a number of females over the course of a month. He demoralized, robbed, and raped these women with an absolute disregard for human life which was made obvious by his unprovoked actions. What female was to be victimized was unimportant to the defendant. His random acts demonstrate that he did not hesitate to commit a crime in which the risk to human life was high. The defendant's conduct clearly satisfies the condition stated in Tenn. Code Ann. § 40-35-115(b)(4), therefore, the defendant is a dangerous offender.

> The Court finds that the consecutive sentencing, which results in 124 year sentence, reasonably relates to the severity of the crimes committed by the defendant. Specifically, the Court cites as justification for the consecutive sentence the fact that on three separate occasions, all within a month, the defendant participated in the rape and robbery of eight women. Furthermore, the Court finds that consecutive sentencing is necessary to protect the public from further crime on behalf of the defendant. The defendant's determination to engage in criminal conduct with absolutely no concern for human life results in the belief of the Court that a consecutive sentence is necessary to protect the public from the defendant.

> . . . .

After considering the statutory criteria and purposes of consecutive sentencing, the Court also finds that the defendant's extensive criminal activity justifies the administration of a consecutive sentence. This determination is based upon the offenses for which the defendant is presently being sentenced. The Court of Criminal Appeals has held that the court may consider the offenses for which a defendant is being sentenced in determining whether the defendant has an extensive record of criminal activity. State v. Daryl Adrian Benjamin Ingram, No. W2002-00936-CCA-R3-CD, 2003 WL 721704, at *3 (Tenn. Crim. App. Feb. 26, 2003). The Court concludes that the extent of the defendant's crimes in the present case justify the implementation of consecutive sentences pursuant to Tenn. Code Ann. § 40-35-115(b)(2).

Id. (footnote omitted).

The petitioner appealed from the trial court's order. He did not contest the preceding findings regarding the length of his sentence. His sole claim was that the trial court lacked authority to impose consecutive sentencing under the Sixth Amendment. Id. at *2. In support, he cited to the holdings in Blakely and Apprendi. Id. This court rejected the petitioner's argument, and it affirmed the judgments of the trial court. Id. at *3. The petitioner appealed to the Tennessee Supreme Court, which also denied the petitioner relief. State v. Allen, 259 S.W.3d 671, 690 (Tenn. 2008). The court held that Tennessee's consecutive sentencing scheme was constitutional under Blakely and Apprendi. Id. at 689-90.

The petitioner filed a petition for post-conviction relief based on ineffective assistance of counsel. His argument centered on the following statement from the initial direct appeal: "the record contains no showing that the lengthy 124-year sentence is 'no greater than that deserved for the offense committed.'" Anthony Allen, 2005 WL 1606350, at *8 (quoting T.C.A. § 40-35-103(2)). The petitioner claimed that when the case was remanded for resentencing, the trial court again failed to address whether he deserved his sentence. He argued that defense counsel should have contested this issue at resentencing and on appeal.

A hearing was held to address the petition for post-conviction relief. Defense counsel was the only witness to testify. He said he represented the petitioner on the initial direct appeal, on remand for resentencing, and on the subsequent direct appeal. Defense counsel stated that the sentence for each offense was presumptively correct; therefore, he chose to appeal only the use of consecutive sentencing. He believed the petitioner's best argument

-4-

was that the trial court lacked authority to impose consecutive sentencing under <u>Blakely</u> and <u>Apprendi</u>. Defense counsel acknowledged that he did not contest whether the individual sentences imposed for each conviction were "greater than the petitioner deserved" for each of the convicted offenses. When asked directly why he did not raise this issue, defense counsel explained

> [T]o me that's what we were doing because each individual sentence was the presumptive sentence at the time. In fact, I believe [the trial court] even sentenced I believe at the low end of most of these [cases].

The prosecutor clarified the sentencing and stated that the petitioner received the "presumptive midpoint at twenty years" for the aggravated rape offenses and the "presumptive low end" for the aggravated robbery offenses. Defense counsel was then asked why he failed to address the above issue upon remand and further appeal in the case. Defense counsel replied that, after discussing the issue with the petitioner and his family and friends, he concluded no additional proof was would be offered. He stated, "strategically we felt that was a lions move, a strategically sound move to send it back up as [it] was."

Upon further questioning by the post-conviction court, post-conviction counsel conceded that, upon remand from this court, the trial court made the requisite Wilkerson findings for consecutive sentencing. Post-conviction counsel clarified, however, that the basis for the petitioner's claim is that there was "no showing that the lengthy one hundred twenty-four year sentence is no greater than that deserved for the offense committed." Post-conviction counsel interpreted this language as "essentially saying that even if the consecutive sentences are justified under <u>Wilkerson</u> that the facts of this case do not support the length of the sentences."

The post-conviction court denied the petitioner relief by written order. It found that defense counsel's performance was not deficient. The post-conviction court reasoned that a challenge to the length of the sentence would have been unsuccessful because the trial court found that the sentence reasonably related to the severity of the offenses. The post-conviction court also found that the petitioner misconstrued this court's statement that "the record contains no showing that the lengthy 124-year sentence is 'no greater than that deserved for the offense committed.'" <u>Anthony Allen</u>, 2005 WL 1606350, at *8 (quoting T.C.A. § 40-35-103(2)). It concluded that the statement was either dicta or an acknowledgment that the trial court made no findings on this issue. Furthermore, the post-conviction court determined that the petitioner had not shown prejudice. It reasoned that, even if defense counsel had raised this issue, the trial court would have found that the petitioner deserved his sentence. The post-conviction court again referred to the trial court's finding that the sentence reasonably related to the severity of the offenses.

-5-

The petitioner appealed the post-conviction court's decision by filing a timely notice of appeal.

**ANALYSIS**

The petitioner claims the post-conviction court erred in denying his petition for relief. He argues that defense counsel was ineffective because he failed to challenge at resentencing or on appeal whether the petitioner deserved his 104-year sentence. The petitioner contends this court already held that the sentence was excessive on the initial direct appeal. He refers to this court's statement that "the record contains no showing that the lengthy 124-year sentence is 'no greater than that deserved for the offense committed.'" Anthony Allen, 2005 WL 1606350, at *8 (quoting T.C.A. § 40-35-103(2)). The petitioner asserts that he suffered prejudice because his sentence was not reduced at resentencing. In response, the State argues that defense counsel's representation was not deficient. It asserts that defense counsel "developed an objectively reasonable defense strategy and pursued it throughout the course of his representation." The State also contends that the petitioner was not prejudiced. It claims the trial court made clear that a challenge to the length of the sentence would have been unsuccessful.

**Standard of Review**. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal quotation and citations omitted). "The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence." Id. (citing T.C.A. § 40-30-110(f); Wiley v. State, 183 S.W.3d 317, 325 (Tenn. 2006)). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998) (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 370. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068).

Our review of this issue is hampered by the limited record on appeal. The record does not contain the order resentencing the petitioner or a transcript setting forth the trial court's findings. The only information that we have about resentencing comes from a prior appellate decision. See Anthony Allen, 2007 WL 1836175, at *1. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." T.R.A.P. 24(b); see also State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). This court is precluded from considering an issue if the record does not contain parts of the record upon which a party relies. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988) (citing State v. Groseclose, 615 S.W.2d 142, 147 (Tenn. 1981)). The petitioner's claim centers on the trial court's failure to address whether he deserved his sentence. Thus, his claim is dependent on the trial court's findings during resentencing. Without a copy of these findings, we are precluded from reviewing this issue. Accordingly, we must presume that the trial court's findings were supported by the evidence. State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

Even if we were to rely on the record presented, the petitioner would not be entitled to relief. We agree with the post-conviction court's determination on this issue. We view the language from this court's direct appeal in this case as no more than an acknowledgment that the trial court failed to explicitly recite the Wilkerson factors. We disagree with the

petitioner's claim that this court already held that the petitioner's sentence was greater than he deserved. The petitioner relies on the following statement from the initial direct appeal: "the record contains no showing that the lengthy 124-year sentence is 'no greater than that deserved for the offense committed.'" Anthony Allen, 2005 WL 1606350, at *8 (quoting T.C.A. § 40-35-103(2)). The petitioner emphasizes that this court used the term "showing" rather than "finding." The term "finding" was used in the paragraph's preceding sentence in reference to the absent Wilkerson findings. Id. Despite the inconsistent terminology, we interpret the term "showing" as denoting that the trial court gave no explanation for why the petitioner deserved his sentence. The context of the statement indicates that this court was concerned with the trial court's failure to articulate its reasons for imposing consecutive sentencing. We see particular significance in the fact that this court provided no explanation for why the petitioner did not deserve his sentence. In resentencing the petitioner, the trial court was under no obligation to reduce the sentence originally imposed.

Finally, the petitioner has not shown that he was prejudiced by defense counsel's representation. As stated above, prejudice requires establishing to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Goad, 938 S.W.2d at 370. Here, the trial court determined, though not explicitly, that the petitioner deserved his lengthy sentence. See Anthony Allen, 2007 WL 1836175, at *1. The trial court found that the sentence reasonably related to the severity of the crimes committed and was necessary to protect the public. Id. It referred to "the fact that on three separate occasions, all within a month, the defendant participated in the rape and robbery of eight women." Id. The trial court also found that the extent of the offenses committed justified the consecutive sentences. Id. These findings definitively show that the trial court would not have altered its sentencing determinations had defense counsel argued that the petitioner's sentence was greater than he deserved. The petitioner's claim is without merit.

## CONCLUSION

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE