IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 28, 2012

**STATE OF TENNESSEE v. JEFFREY O. SHORT
a.k.a. JEFFERY O'NEAL SHORT
a.k.a. JEFFREY ONEAL SHORT**

**Appeal from the Criminal Court for Hamilton County
No. 277889      Barry A. Steelman, Judge**

**No. E2011-01417-CCA-R3-CD - Filed July 16, 2012**

The Defendant-Appellant, Jeffrey O. Short a.k.a. Jeffery O'Neal Short a.k.a. Jeffrey Oneal Short, pleaded guilty in the Hamilton County Criminal Court to two counts of burglary of a business, a Class D felony. The sole issue presented for our review is whether the trial court erred in ordering Short to serve the sentences consecutively. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

John G. McDougal, Chattanooga, Tennessee, for the Defendant-Appellant, Jeffrey O. Short.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bret Alexander, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** Short pleaded guilty to these offenses on January 27, 2011. A transcript of the plea hearing was not included in the record, and we glean the facts of Short's burglaries from the sentencing hearing transcript and the presentence investigation report, admitted as an exhibit at the sentencing hearing. At approximately 5 a.m. on September 5, 2010, Short broke a restaurant's front glass door, entered, and took the cash register. Short then drove to a hardware store and entered a fenced area after cutting a lock off the gate. He took four thousand dollars' worth of merchandise.

At the sentencing hearing, held on April 11, 2011, Cindy Lindsey, a probation officer with the Tennessee Board of Probation and Parole, testified that she prepared the presentence investigation report in this case. Short's prior criminal record included ten convictions for theft, and Short served time in confinement for some of them. Additionally, Short had two prior felony convictions. Short had also violated probation on some of his sentences. Lindsey testified that she collected Short's mental health records, admitted as an exhibit to the hearing, which documented an occasion when Short threatened violence against someone assessing his condition. According to the records, Short threatened to use a pen and broken glass as weapons, and Short had to be restrained by force. At another time, Short expressed an intent to kill his girlfriend's ex-boyfriend. Short sometimes failed to keep his required appointments with a mental health professional. Lindsey testified that Short previously worked at Chili's and IHOP restaurants. He worked for less than a year at Chili's before being fired, and he worked approximately a month at IHOP when he was fired after threatening a manager.

On cross-examination, Lindsey testified that Short was cooperative with her during her investigations. Although Short told her that he held a degree from a community college, the college could not find any record of his attendance.

Short testified at the hearing that on the day he committed the burglaries, he was not taking his medications, which caused him to "get a little bit out of hand." He testified that he does well when he is on his medications. Short maintained that it was out of character for him to commit burglaries and that doing so scared and bothered him. Regarding his mental health records, Short testified that he missed his mental health appointments because he could not afford to pay for them. He denied threatening anyone with broken glass, and he said that security guards pushed him into the glass, causing it to break. He testified that he was not a violent person. Additionally, Short said that he earned a vocational certificate from Cleveland Community College.

On cross-examination, Short testified that he "was on Xanaxes or something" at the time of the burglaries and that the drugs "kind of clouded [his] judgment." Short was dependent on opiates, which he testified had been prescribed to him for pain associated with stomach ulcers. He said that such drugs "definitely ha[d] a bearing on [his] behavior." He acknowledged committing ten prior thefts, and he explained that he would do so when his prescription pain medications ran out and he needed money to buy pain medication on the street.

The presentence investigation report indicates that Short had twenty-two prior criminal convictions dating to 1996, when Short was twenty-one years old. These convictions include the aforementioned ten theft offenses, two felony drug offenses, driving

under the influence first offense and second offense, possession of drug paraphernalia, aggravated criminal trespass, public intoxication, and three traffic-related offenses.

Following the evidence at the hearing, the trial court imposed a sentence of three and a half years as a Range I offender on each count. The court found that Short had an extensive record of criminal activity and ordered the sentences to be served consecutively, for a total effective sentence of seven years. After Short was sentenced on April 11, 2011, he filed a "Motion for Sentencing Hearing" on April 27, 2011, in which he argued that a consecutive sentence was improper. The trial court treated the motion as a Rule 35 motion for sentencing modification and denied it on June 6, 2011. Short filed notice of appeal on June 28, 2011.

**ANALYSIS**

On appeal, Short argues that consecutive sentences are improper. He asserts that "there was not enough evidence to show that the sentences should have been run consecutive to each other." He additionally asserts that the consecutive sentences violate his rights under article I, sections 8 and 16 of the Tennessee Constitution. The State responds that Short's appeal should be dismissed for failure to file a timely notice of appeal and for failure to include the plea hearing transcript in the record. Alternatively, the State argues that the trial court properly imposed consecutive sentences. The State does not address Short's constitutional argument. Upon review, we agree with the State that the trial court did not err in ordering Short to serve the sentences consecutively.

We must initially consider whether, as the State argues, Short's appeal should be dismissed. The State argues first that the appeal should be dismissed because Short's notice of appeal was untimely. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). Importantly, a judgment's "date of entry" is the date the judgment was filed with the court clerk, which is evidenced by the clerk's file stamp. See State v. Stephens, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) (holding, for purposes of determining whether a motion for new trial was timely, that a judgment is entered when filed with the court clerk rather than when orally pronounced). However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). This court, in deciding whether to grant a waiver regarding an untimely notice of appeal, "shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), perm. app. denied (Tenn. May 28, 1996). "Waiver is not automatic and should only occur when 'the interest of justice'

-3-

mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill, 1996 WL 63950, at *1).

Here, the judgment forms indicate that the trial court signed them on April 11, 2011. However, no file stamp appears on either judgment form, and we are unable to determine from the record the judgments' date of entry. As a result, we cannot conclude that Short's June 28, 2011 notice of appeal was filed untimely such that dismissal is appropriate. Furthermore, even assuming that the judgments were entered on April 11, 2011, waiver of the thirty-day time limit is appropriate in this case due to the intervening Rule 35 motion to modify the sentence. See State v. Bilbrey, 816 S.W.2d 71, 74-75 (Tenn. Crim. App. 1991) (holding that although time for filing notice of appeal was not tolled by a Rule 35 motion, the interests of justice were served by waiving the timely filing of notice of appeal).

The State next argues that the appeal should be dismissed because Short failed to include a transcript of the guilty plea hearing. An appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226 (Tenn. Crim. App. 1979)); see State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (holding that the defendant's failure to include the transcript of the guilty plea hearing and a copy of the indictment required a presumption that "had all of the evidence considered by the trial court been included in the record on appeal, it would have supported the imposition of a six[-]year sentence"). Here, however, we conclude that the record is sufficient for our review. See State v. Anna M. Steward, No. E2010-01918-CCA-R3-CD, 2011 WL 4346659, at *2 (Tenn. Crim. App., at Knoxville, Sept. 19, 2011) ("Despite the absence in the appellate record of a transcript of the plea submission hearing, we hold that the record is adequate for this court's de novo review . . . ."). Although the State is correct that the record does not include a transcript of the plea hearing, many of the facts of Short's offenses are included in the record. Additionally, the trial court's order of consecutive sentencing, the subject of Short's appeal, relied primarily on Short's prior criminal record rather than the facts of the offenses. As a result, dismissal of the appeal is inappropriate.

Turning to Short's arguments, we note first that he has waived the claim regarding the constitutionality of his consecutive sentences. His entire argument in this regard constitutes one sentence:

-4-

While the State has not adopted the Federal standard that crimes that happen in the same instance and with the same scheme or plan should be run concurrently. [sic] In the instant case, the Defendant would aver that his rights under the Tennessee Constitution, Article 1 Section 8 and Article 1 Section 16, have been violated by the fact that the sentences have been run consecutively instead of concurrently.

A brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tenn. R. App. P. 27(a)(7). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."); see State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000) (determining that issue was waived when defendant cited no authority to support his argument on appeal). Consequently, Short has waived this argument.

Short next challenges his sentences based on the evidence supporting the trial court's consecutive sentencing order. When a defendant is convicted of one or more offenses, the trial court generally has discretion to decide whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a), (b); Sentencing Comm'n Comments, T.C.A. § 40-35-115(d) ("[W]hile consecutive sentences are discretionary, in a few instances, consecutive sentences are mandated either by statute or by Tenn. R. Crim. P. 32."). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of seven categories enumerated in section 40-35-115(b):

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or

-5-

no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b). Furthermore, an order of consecutive sentencing must be "justly deserved in relation to the seriousness of the offense," T.C.A. § 40-35-102(1), and the length of a consecutive sentence must be "no greater than that deserved for the offense committed," T.C.A. § 40-35-103(2).

Here, the trial court imposed consecutive sentencing because it found that Short had an extensive record of criminal activity. T.C.A. § 40-35-115(b)(2). It addressed Short's criminal record throughout its discussion of the relevant considerations under the sentencing act. For example, the court stated that it found "from looking at the presentence investigation that Mr. Short has nineteen prior criminal convictions [and] ten of those involved theft or burglary."[1] It also stated, "[Short]'s a thief. He's been a thief since he was 23 years old, and he's now 36 years old . . . ." The court relied on these findings in ordering Short's sentences to be served consecutively.

We conclude that the trial court did not err in requiring Short to serve the sentences consecutively. This court has held that "[e]xtensive criminal history alone will support consecutive sentencing." State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997) (citing State v. Chrisman, 885 S.W.2d 834, 839 (Tenn. Crim. App. 1994)). The record demonstrates that the trial court reviewed Short's numerous prior convictions, none of which Short disputed, and properly found by a preponderance of the evidence that Short was an

---

[1]Our review of the record reveals twenty-two prior criminal convictions. Perhaps the trial court did not count Short's three misdemeanor traffic-related convictions in determining that he had only nineteen prior convictions.

offender "whose record of criminal activity [wa]s extensive."  T.C.A. § 40-35-115(b)(2).
Accordingly, the trial court's judgments are affirmed.

## CONCLUSION

Upon review, we affirm the judgments of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE