IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 5, 2012

## MANUEL HAYNES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 07-06993    James M. Lammey, Jr., Judge**

---

**No. W2012-00619-CCA-R3-PC  - Filed December 3, 2012**

---

The pro se Petitioner, Manuel Haynes, appeals the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief as untimely.  Because the petition was untimely and the Petitioner has not shown that due process concerns tolled the one-year statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Manuel Haynes, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Summer Morgan, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.**   On December 4, 2008, Haynes was convicted of two counts of aggravated robbery, Class B felonies.  He was sentenced as a Range II, multiple offender to consecutive sentences of twenty years for the first count and fifteen years for the second count, for an effective sentence of thirty-five years in the Tennessee Department of Correction.  Haynes appealed his convictions, which were affirmed.  See State v. Manuel Haynes, No. W2009-00599-CCA-R3-CD, 2010 WL 2473298, at *1 (Tenn. Crim. App. June 17, 2010), perm. app. denied (Tenn. Nov. 12, 2010).

On November 29, 2011, the Petitioner filed a pro se petition for post-conviction relief, alleging ineffective assistance of counsel, due process violations, prosecutorial misconduct,

and improper sentencing. The State filed a response to the post-conviction petition, arguing that the petition was filed outside the one-year statute of limitations. On February 6, 2012, the post-conviction court entered an order summarily dismissing the petition as untimely. The Petitioner now appeals the summary dismissal of his petition.

**Analysis.** On appeal, the Petitioner cites to a series of unfortunate events that prevented him from filing a timely petition and that violated his due process rights. These events included the following: (1) the prisoner who prepared the Petitioner's post-conviction petition failed to finish it until shortly before the expiration of the one-year statute of limitations; (2) the prison in which the Petitioner was confined failed to provide the necessary paper for printing his post-conviction petition; and (3) the prison's rules regarding the handling of mail in the mail room delayed the Petitioner's petition by one day. The Petitioner claims that these events resulted in the delivery of his petition to the prison mail room six days after the expiration of the statute of limitations and prevented his petition from reaching the Whiteville Post Office until November 23, 2011. In addition, the Petitioner claims that he is entitled to relief pursuant to Tennessee Code Annotated section 40-30-117(c) and Tennessee Supreme Court Rule 28, section 10(b), although no motion to reopen the post-conviction proceedings appears in the record. The State responds that the post-conviction court properly dismissed the petition as untimely. We agree with the State.

Initially, we note that we are unable to evaluate the Petitioner's claim regarding his alleged motion to reopen the post-conviction proceedings because he failed to include a copy of this motion in the record on appeal. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

Moreover, we conclude that the trial court's summary dismissal of the post-conviction petition was proper. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In the event that a petitioner

-2-

files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See id. § 40-30-106(b).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982)).

Here, the Petitioner was required to file his petition for post-conviction relief within one year of November 12, 2010, the date of the final action of the highest state appellate

court to which his appeal was taken. See T.C.A. § 40-30-102(a). However, the Petitioner did not file his petition until November 29, 2011, seventeen days after the expiration of the one-year statute of limitations.

Our review of the record shows that the Petitioner's request for relief did not fall into one of the three narrow exceptions to the statute of limitations in Tennessee Code Annotated section 40-30-102(b). Instead, the record shows that the Petitioner failed to file a timely post-conviction petition because of his own lack of diligence and because of the lack of diligence of other individuals who assisted him in preparing and filing his petition. The State argues that it "is aware of no case finding a due process exception for carelessness to the post-conviction statute of limitations." See Joshua Jacobs v. State, M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *2-3 (Tenn. Crim. App. Sept. 15, 2010), perm app. denied (Tenn. Jan. 20, 2011) (reviewing cases in which due process concerns tolled the one-year statute of limitations for post-conviction relief). We agree. The Petitioner is not entitled to relief.

**CONCLUSION**

Upon review, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE

-4-