IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 10, 2015 Session

## HORACE E. HOLLIS, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dickson County**
**No. 2012-CR-846      Robert E. Burch, Judge**

---

**No. M2013-01509-CCA-R3-PC – Filed August 18, 2015**

---

The Petitioner, Horace E. Hollis, Jr., appeals the Dickson County Circuit Court's denial of post-conviction relief. The Petitioner was convicted by a jury of two counts of rape of a child for which he received an effective sentence of forty years. On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief without considering the transcript from his trial. Because the transcript from the post-conviction hearing is not included in the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Olin J. Baker, Charlotte, Tennessee, for the Defendant-Appellant, Horace E. Hollis, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew Craig Coulam, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Ray Crouch, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

This case stems from the sexual abuse of the Petitioner's two minor granddaughters by marriage. After a jury trial in February 2011, the Petitioner was convicted of two counts of rape of a child and two counts of aggravated sexual battery. See State v. Horace Hollis, No. M2011-01463-CCA-R3-CD, 2012 WL 1867277 (Tenn. Crim. App. May 22, 2012). The trial court subsequently merged the aggravated sexual battery convictions into the convictions for rape of a child and imposed an effective forty-

year sentence. A full recitation of the underlying facts can be found in this Court's opinion on direct appeal. See id. at *1-3.

On December 10, 2012, the Petitioner filed a timely pro se petition for post-conviction relief alleging numerous claims of ineffective assistance of counsel as well as other grounds for relief. Following the appointment of counsel, the Petitioner filed an amended post-conviction petition. The post-conviction court conducted an evidentiary hearing on April 23, 2013.[1] After taking the matter under advisement, the post-conviction court entered a written order denying relief on June 25, 2013. Thereafter, the Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel was ineffective by: (1) failing to object to hearsay testimony; (2) allowing his trial to proceed into the early morning hours of February 5, 2011; and (3) failing to file a motion for speedy trial. In response, the State contends that the Petitioner has waived all issues on appeal by failing to include the transcript of his post-conviction hearing in the record. We agree with the State.

Here, the post-conviction court issued a thirty-four-page "Memorandum Opinion on Petition for Post-Conviction Relief" on May 31, 2013, which considered each of the Petitioner's claims and summarized the evidence adduced at the evidentiary hearing. In rejecting the Petitioner's claims for relief, the court concluded that the Petitioner had failed to meet his burden in proving his factual allegations by clear and convincing evidence. In its June 23, 2013 written order, the post-conviction stated, in pertinent part:

> After considering the grounds set forth in the Petition for Post-Conviction Relief, testimony of witnesses, and argument of counsel, and for the reasons set forth in the record of the Post-Conviction Relief hearing, which is specifically made a part of this Order by reference as though copied herein in full, the Court is of the opinion that the Petition for Post-Conviction Relief should be dismissed with prejudice.

We note that the Petitioner has failed to include the transcript of the post-conviction hearing in the appellate record. Consequently, we are unable to evaluate the lower court's reasoning or what transpired at the evidentiary hearing. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "Where . . . the record is incomplete, and does not contain a transcript of the

---

[1] A transcript of the post-conviction hearing was not included in the record.

proceedings relevant to an issue presented for review, or portions of the record upon which a party relies, this Court is precluded from considering the issue." State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1998) (citing State v. Groseclose, 615 S.W.2d 142, 147 (Tenn. 1981); State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981)). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Here, the post-conviction court specifically incorporated its reasoning from the evidentiary hearing in its order denying post-conviction relief. Because the Petitioner did not include the post-conviction hearing transcript on appeal, the record is insufficient for our review. As a result, the Petitioner has waived consideration of his issues on appeal to this Court, and we must presume that the post-conviction court properly denied relief.

## CONCLUSION

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


_____
CAMILLE R. McMULLEN, JUDGE