# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 10, 2013

## PHILLIP PYE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 14691     Stella L. Hargrove, Judge**

**No. M2013-01191-CCA-R3-PC- Filed March 18, 2014**

The Petitioner, Phillip Pye, appeals the Maury County Circuit Court's summary dismissal of his petition for post-conviction relief as untimely. On appeal, the Petitioner argues that due process concerns should toll the one-year statute of limitations to allow review of his underlying claims. Because the Petitioner has failed to prove any grounds upon which to toll the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Phillip Pye, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On November 22, 2006, the Petitioner pled guilty in the Maury County Circuit Court in case number 14691 to possession of less than .5 grams of cocaine with the intent to sell, a Class C felony. He was sentenced as a Range I, standard offender to four years in the Department of Correction, to be served consecutively to his sentences in three other cases,

for a total effective term of twenty-four years' imprisonment.[1]  The Petitioner did not appeal this judgment.

On April 22, 2013, the Petitioner filed a pro se petition for post-conviction relief in the instant case, alleging that the State breached the negotiated plea agreement by failing to automatically release him after he served eight years of his sentence, that he received ineffective assistance of counsel, and that his guilty plea was involuntary.  In addition, the Petitioner claimed that his petition was not time-barred by the one-year statute of limitations because the grounds for relief were "later arising," having occurred on May 7, 2012, when he was not released from prison.  The post-conviction court summarily dismissed the petition as untimely on May 2, 2013.  The Petitioner then filed a timely notice of appeal on May 13, 2013.

**ANALYSIS**

The Petitioner argues that the post-conviction court erred in summarily dismissing his petition for post-conviction relief.  He contends that due process considerations should toll the one-year statute of limitations because the State breached the plea agreement in failing to release him on May 7, 2012.  He further maintains that his plea was involuntary and based on the ineffective assistance of counsel.  Specifically, the Petitioner alleges that counsel erroneously informed him that he would be automatically released after serving eight years of his effective twenty-four year sentence.  The State responds that the post-conviction court properly dismissed that the petition for post-conviction relief as untimely.  Upon review, we agree with the State.

On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise.  Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006).  However, "[a]ppellate courts review a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness."  Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011)).  "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review."  Whitehead, 402 S.W.3d at 621 (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)).

---

[1] The appellate record includes the judgment of conviction in the instant case, which notes that the four-year sentence is to be served "Consecutive to: 14623, 15572, 15475."  The record does not include the judgments for the Petitioner's three other convictions, his plea agreement, or the transcript from his plea submission hearing.  We note that as a Range I, standard offender, the Petitioner was sentenced with a release eligibility of thirty percent.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final, "or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See id. § 40-30-106(b).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Additionally, due process concerns may toll the statute of limitations for post-conviction relief. In Seals v. State, the Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

23 S.W.3d 272, 277-78 (Tenn. 2000) (quoting Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)) (internal citations omitted).

In determining whether due process should toll the statute of limitations, courts should utilize a three-step process:

> (1) determine when the limitations period would have normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," Burford, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." Sands, 903 S.W.2d at 301.

Here, the Petitioner was required to file his petition for post-conviction relief within one year of December 22, 2006, the date that his judgment became final. See T.C.A. § 40-30-102(a); State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). However, he did not file his petition until April 22, 2013, five years and four months after the limitations period had expired. While acknowledging that his petition is untimely, the Petitioner contends that the one-year statute of limitations should be tolled because the grounds for relief were "later arising," having occurred on May 7, 2012, when he was not released from prison after serving eight years of

his effective sentence of twenty-four years. In support of his claim that the State breached the plea agreement, the Petitioner alleges in his petition for post-conviction relief that he began to serve his sentence in case number 14691 on May 7, 2004, and that eight years from that date, he was not released from the Department of Correction. Therefore, he alleges that "[t]he claim could not have been raised until [he] became aware of it for the first time on May 7, 2012."

Initially, we note that we are unable to evaluate the Petitioner's claim regarding his alleged automatic release date of May 7, 2012 because he failed to include a copy of his plea agreement in the record on appeal. In addition, the record does not include the transcript from his plea submission hearing or the judgments for the Petitioner's three other convictions. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). In its "Preliminary Order" summarily dismissing the Petitioner's claim for relief, the post-conviction court reviewed the petition, as well as "the files, record, transcripts, and correspondence relating to the judgment under attack[.]" In finding that the petition was time-barred, the post-conviction court dismissed the petition pursuant to Tennessee Code Annotated section 40-30-102(a).

We conclude that the Petitioner has failed to establish a "later arising" ground for relief allowing for due process tolling of the limitations period. This court has previously held that "lack of knowledge or late discovery of a claim does not make it 'later arising.'" Antonio Angel Onate v. State, No. M2013-00531-CCA-R3-PC, 2013 WL 4677697, at *3 (Tenn. Crim. App. Aug. 28, 2013) (citing Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996)). Here, the Petitioner asserts in his post-conviction petition for relief "that if he had known that he would be required to meet the parole board and have a review by the board to determine his release eligibility date, he would not have pled guilty and would have insisted on proceeding to trial." Although the Petitioner claims that his ground for relief arose on May 7, 2012, when the State allegedly breached his plea agreement, this court has specifically rejected similar arguments that the statute of limitations should be tolled on due process grounds.

In Brown v. State, the petitioner argued that "at the time he entered his plea agreement he reasonably understood that he could file a petition for post-conviction relief at any time if he discovered that his attorney rendered ineffective assistance of counsel." 928 S.W.2d at 456. Relying on contract principles, the petitioner in Brown asserted that the post-conviction court breached his plea agreement in summarily dismissing his petition for relief

as untimely pursuant to Tennessee Code Annotated section 40-30-102. Id. This court in Brown concluded that the petitioner's alleged grounds for relief, ineffective assistance of counsel and involuntary plea, existed at the time of his conviction, well before the expiration of the limitations period. Id.

Similarly, in Howard Templeton v. State, No. 01C01-9406-CC-00220, 1995 WL 2995 (Tenn. Crim. App. Jan. 3, 1995), this court held that a "petitioner's lack of knowledge that he had grounds for a petition for post-conviction relief until after the statute of limitations had run cannot defeat the application of the statute of limitations." Id. at *1. The petitioner in Howard Templeton claimed that, at the time of his guilty plea, his trial counsel erroneously advised him that he would be released after serving thirty-five percent of his ten-year sentence. Id. The petitioner asserted that the statute of limitations was inapplicable to his case because he did not realize he had a ground for post-conviction relief until after the parole board refused to grant him parole. In rejecting the petitioner's argument, this court in Howard Templeton concluded that the petitioner's claim for relief was time-barred and that "[t]o hold otherwise would defeat the purpose of the statute of limitations in protecting the State's interest in preventing the litigation of stale and fraudulent claims and in ensuring administrative efficiency and economy." Id. See also Ronald L. Cox v. State, No. 02C01-9508-CR-00221, 1997 WL 284713, at *1 (Tenn. Crim. App. May 30, 1997) (affirming the summary dismissal of the appellant's petition for relief as time-barred where appellant alleged that the State breached his plea agreement because he was not paroled after serving thirty percent of his sentence).

Upon consideration of the foregoing, we conclude that the Petitioner has failed to establish a basis for tolling of the statute of limitations on due process grounds and that the post-conviction court properly dismissed the petition as untimely. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

After a thorough review of the record and the applicable law, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE