IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2014

ANTHONY TODD GHORMLEY v. STATE OF TENNESSEE

Appeal from the Criminal Court for Blount County
No. C-17294     Don R. Ash, Senior Judge

No. E2014-00363-CCA-R3-ECN - Filed September 12, 2014

In 2009, a Blount County jury convicted the Petitioner, Anthony Todd Ghormley, of two counts of attempted first degree murder, one count of especially aggravated kidnapping, two counts of especially aggravated burglary, and three counts of aggravated assault. *State v. Anthony Todd Ghormley*, No. E2010-00634-CCA-R3-CD, 2012 WL 171940, at *1 (Tenn. Crim. App., at Knoxville, Jan. 20, 2012), *no Tenn. R. App. P. 11 application filed*. The trial court sentenced the Petitioner to an effective sentence of 105 years of confinement. *Id.* On direct appeal, this Court affirmed the judgments but reversed the trial court's denial of a competency hearing and remanded the case for a competency hearing. *Id.* The Petitioner was deemed competent on remand. The Petitioner filed a petition for writ of error coram nobis, which the coram nobis court denied. On appeal, the Petitioner contends that the coram nobis court erred when it denied his petition. He asserts that the coram nobis court's dismissal was based on "known fraud" because "three of the State's witnesses committed perjury at the [competency] hearing." After review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Anthony Todd Ghormley, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Charme Allen, District Attorney General; and Ellen L. Berez and Clinton E. Frazier, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

# I. Facts

This case arises from the Petitioner's attack on three women on September 17, 2007. This Court summarized the background of this case as follows:

> The proof at trial showed that on September 17, 2007, [the Petitioner] and his wife, Karen Van Dyke, had an argument while they were at the home of Gaynell Head, Van Dyke's grandmother. [The Petitioner] returned to his residence, and Van Dyke remained at Head's home, spending the night with Head and Candy Bussey, Van Dyke's cousin. Early in the morning of the next day, while the women were asleep, [the Petitioner] returned to the home. He forced his way through the locked front door and attacked the three women. He struck them each repeatedly with a baseball bat and cut them with a knife. Van Dyke escaped by jumping out a window, and she called police from a neighbor's house. Bussey fled out the front door, which [the Petitioner] had blocked with a chair to prevent entry into the house. When police arrived, [the Petitioner] took Head hostage and locked himself in the bathroom. After a standoff that lasted several hours, [the Petitioner] surrendered and was arrested.

*Ghormley*, 2012 WL 171940, at *1. The jury convicted the Petitioner, as charged, of two counts of attempted first degree murder, one count of especially aggravated kidnapping, two counts of especially aggravated burglary, and three counts of aggravated assault. *Id.*

On appeal, the Petitioner raised issues related to the question of his competency, arguing that the trial court had erred when it refused to hold a competency hearing before trial. This Court held:

> Upon our review of the record, we conclude that the evidence "raise[d] a sufficient doubt as to [the] accused's competence to stand trial." The trial court was correct to consider its observations of [the Petitioner's] behavior. However, the court failed to sufficiently consider other relevant factors which should have called [the Petitioner's] competency into question, such as the medical opinion concerning competency and evidence of irrational behavior. Primarily, the medical opinion that [the Petitioner] required psychiatric medication to maintain his competency, combined with evidence that [the Petitioner] had not received that medication for a prolonged period, raise sufficient doubt of his competency. Furthermore, the record includes hundreds of pages of handwritten motions filed by [the Petitioner], both while he was represented by counsel and while he represented himself. In these filings, [the Petitioner] expressed, usually in language riddled with obscenities, belligerence

toward almost everyone involved in the court system, including judges, prosecutors, law enforcement officers, and his defense attorneys. Additionally, he often complained to the trial court of conspiracies against him by the legal system and jail employees. Although the trial court considered these filings evidence of [the Petitioner's] competency, it is unclear whether they represent irrational conduct indicative of mental illness or rather simply an offensive and combative nature inherent to [the Petitioner]. In light of the medical opinion on competency, the evidence that [the Petitioner] had not received medication, and [the Petitioner's] many court filings, a reasonable judge should have experienced doubt as to [the Petitioner's] competency to stand trial. The trial court therefore erred in failing to hold a competency hearing, and [the Petitioner] was deprived of the due process of law as a result. Consequently, we remand to the trial court for a hearing to determine whether [the Petitioner] was competent to stand trial in September 2009.

*Id.* at *4.

A competency hearing was held. The only reference to this hearing in this record is included in the Petitioner's petition for writ of error coram nobis, and it states that "Judge Jon K. Blackwood and DA Berez conspired to conceal or censor the following hearing transcripts in order to control the outcome of the retrospective competency hearing in the State's favor." We, however, note that the Petitioner appealed the trial court's finding that he was competent to stand trial in a separate case. *See State v. Anthony Todd Ghormley*, E2013-01932-CCA-R3-CD, 2014 WL 5699517, at *7 (Tenn. Crim. App., at Knoxville, Nov. 5, 2014). This Court affirmed the trial court's ruling. *Id.*

On February 3, 2014, the Petitioner filed a writ of error coram nobis. In it, he asserted that there was newly discovered evidence and that the trial court and the district attorney concealed information from him and/or "lied" to him. He further alleged that a nurse testifying at a "pre-trial hearing" committed perjury. He also asserted that the trial court and the district attorney knowingly and willing used this perjured testimony. He asked that the charges against him be dismissed with prejudice or that he be given a new trial.

The coram nobis court denied the Petitioner's petition for writ of error coram nobis. It stated:

[The Petitioner] alleges he is entitled to relief by writ of error coram nobis for the following reasons alleged by [the Petitioner]: the trial judge and district attorney conspired and concealed pre-trial transcripts and hearing transcripts; witness Stacy Lawhorn, witness Dr. Rokeya Farooque, and Trial

Judge Jon Blackwood committed perjury; the district attorney withheld mental evaluation documentation; this court entered a biased order and utilized perjured testimony of witnesses; and [the Petitioner's] arrest was warrantless.

The coram nobis court reviewed the applicable law and found:

Here, the evidence [the Petitioner] seeks to classify as new evidence is not new evidence but rather [the Petitioner] alleging perjury and conspiracy of witnesses, attorneys and judges. These speculative assertions are supported by no evidence in basis in fact. Further, it would go to the credibility of prior evidence on a previously determined issue and thus would not qualify as new evidence in this court's opinion.

The coram nobis court dismissed the Petitioner's petition on February 7, 2014. On February 24, 2014, the Petitioner filed a notice of appeal. The Petitioner then filed a "Tenn. R. Civ. P. Rule 60.02" motion to remand the case back to the trial court based on fraud upon the court and asked that we consider the motion, in the alternative, the "Brief of Appellant."

### III. Analysis

The Petitioner contends that the coram nobis court erred when it summarily dismissed his petition, that the order was based on known fraud upon the court, and that the case should be remanded to the trial court. The motion/brief discusses extensively what occurred during the competency hearing. It appears that on appeal, the Petitioner is maintaining that the coram nobis court improperly dismissed his petition based upon "known fraud." The State responds in its brief that the Petitioner has failed to show that the coram nobis court abused its discretion when it dismissed his petition. It further contends that the Rule 60.02 motion is not properly before this Court. We agree with the State.

Initially, we note that we are unable to consider the issue raised by the Petitioner because he failed to include the transcript of the competency hearing in the record on this appeal. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." *State v. Bibbs*, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing *Smith v. State*, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); *Vermilye v. State*, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Accordingly, we conclude that the coram nobis court could have properly dismissed the petition for writ of

coram nobis on this basis.[1]

Further, we conclude that the petition does not state a colorable claim for relief. A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2012). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010) (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by our Court, "[t]he purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966)).

To establish that he is entitled to a new trial, the Petitioner must show: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time, and (d) the relief sought. *Id.* at 374-75. Affidavits should be filed in support of the petition. *Id.* at 375.

> The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not

---

[1]Again, as previously noted, this Court affirmed the trial court's ruling on the Petitioner's comptency in a separate appeal. *Ghromley*, 2014 WL 5699517, at *7.

easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). "Similar to habeas corpus hearings, coram nobis evidentiary hearings are not mandated by statute in every case." *Richard Hale Austin v. State*, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332, *5 (Tenn. Crim. App., at Jackson, Dec. 13, 2006). A petition of either type "may be dismissed without a hearing, and without the appointment of counsel for a hearing" if the petition does not allege facts showing that the petitioner is entitled to relief. *Id.* (quoting *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636 (Tenn. 1967)).

The Petitioner's petition does not allege facts showing that he is entitled to relief. His bare allegations that the district attorney and the trial judge conspired to commit fraud and/or lied and perjured themselves is not "newly discovered evidence." The Petitioner has not established that he is entitled to coram nobis relief.

To the extent that the Petitioner's brief is also to be considered a Rule 60.02 motion, we deny that motion. Rule 60 is a civil remedy not appropriate in this Court. The Petitioner also recently filed an "Emergency Motion to Supplement the Record with Affidavit To Protect Appellant's Constitutional Right to a fair Appellant [sic] review." That motion is supported by an affidavit of Chad Eric Vincent, his "prison-assigned legal aide," who swears that it was his own fault that the record was not properly supplemented. We find that motion not to be well taken, and it is denied.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the coram nobis court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE